DUNBAR v. DUNBAR.

5-3471                                    387 S. W. 2d 340

Opinion delivered March 1, 1965.

*Gardner & Steinsiek,* for appellant.

*Elbert S. Johnson,* for appellee.

PAUL WARD, Associate Justice. This is an appeal by appellant, Marie F. Dunbar, to set aside a decree of divorce on the ground that the trial court had no jurisdiction. There is no dispute about the essential facts which are hereafter summarized.

Appellant and appellees, Donald R. Dunbar, being residents of Scotland, were married July 27, 1957 and lived together until April 30, 1960. To the union two children were born, a son four years old and a daughter one year old. On March 28, 1962 appellee filed a complaint for divorce alleging, in addition to the above facts, that appellant willfully abandoned and deserted him and remained away from him one entire year without cause and against his will and consent; that said children are in the care and custody of appellant who is a fit and

proper person to have their custody; and appellee is supporting and will continue to support said children. It was further alleged by appellee that there are no property rights to be adjudicated and that for more than sixty days prior to filing of the complaint he has been a resident of the Chickasawba District of Mississippi County, Arkansas.

The cause was submitted on the pleadings by both sides and on the depositions and oral testimony presented by the plaintiff, from all of which the court found: the plaintiff appeared in person and by his attorney but the defendant appeared not either in person or by her attorney, Ed B. Cook; the answer of the defendant was filed on May 4, 1962 by her attorney, Ed B. Cook; on the same day the defendant by her attorney requested expense money and attorney's fees; on June 1, 1962 plaintiff was ordered and directed to pay $200 to Ed B. Cook as attorney's fee for the defendant. Thereupon the court, on November 26, 1962 granted appellee an absolute divorce from the defendant on the ground of willful desertion for a period of more than one year without just cause; by decree entered December 4, 1962 the care and custody of the two children were given to the defendant provided the plaintiff will have the right of visitation at all reasonable and proper times; and, the plaintiff was ordered to pay the sum of $60 per month for their support and maintenance, same to be paid in the form of a government allotment by reason of plaintiff's being in the military service of the United States.

On May 4, 1964 appellant, through the services of the attorneys presently representing her, filed a petition to set aside the divorce decree. Among other things it was said that at all times herein mentioned appellant has been a resident of Scotland "and that by the time notice had been received by her and arrangements made for local counsel the thirty (30) days had expired for answer and that an appropriate pleading was filed and that thereafter, this matter proceeded to trial without her attorney being present or notice to him of its being called up and her pleadings were erroneously struck by

the court''; that said matter proceeded to final decree with her pleadings being ignored; that the decree should set aside for the further reason that no report of the attorney ad litem was filed, which is jurisdictional; that because of the above mentioned facts and circumstances the decree should be set aside and the cause heard upon its merits.

To the above petition appellee filed a response which in essence stated: the defendant employed legal counsel who filed an answer on her behalf on May 4, 1962; on June 1, 1962 the defendant was awarded $200 attorney's fees; thereafter the defendant neither in person or through her attorney appeared or offered any further defense to the cause of action; and, on November 26, 1962 a decree of divorce was properly granted by the court. On June 19, 1964 appellee's response was amended to state: immediately upon the rendition of the divorce decree on November 26, 1962, appellee served a certified copy of the decree upon appellant by certified mail and delivered a copy of same to her attorney of record, Ed Cook of Blytheville, Arkansas; that at no time following the date of the decree did the defendant make any attempt to appeal the decree rendered on November 26, 1962 or to have the same set aside until her petition was filed on May 4, 1964. The prayer was that defendant's petition be denied.

After a hearing on the above petition and response the following order was entered:

''Now on the 19th day of June, 1964, comes on for hearing the Petition of Marie F. Dunbar to vacate this Court's Decree of November 26, 1962, and same is submitted upon said Petition, with amendment thereto; Response of plaintiff . . . '; Amendment to Response; evidence introduced; argument of counsel for both parties, from all of which the Court doth find:

''That the Petition of Marie F. Dunbar to vacate this Court's Decree of November 26, 1962, should be denied.

IT IS THEREFORE BY THE COURT CONSID-
ERED, ORDERED AND DECREED that the Petition
of Marie F. Dunbar to vacate this Court's Decree of
November 26, 1962, be and the same is denied and said
Petition dismissed."

From the above order appellant presents this ap-
peal and for a reversal relies upon two points: *One.* The
decree of divorce is void for lack of jurisdiction. *Two.*
The doctrine of laches and estoppel (based on appellant's
delay in filing her petition) does not apply in this case.
After careful consideration we conclude that the order
of the trial court must be affirmed on the first point.
Hence it will be unnecessary to discuss the second point.

It is undisputed that appellant's attorney, on May 4,
1962, filed a motion for attorney's fees and expenses and
also filed an answer. The motion and answer, as indi-
cated by the record, were filed by the attorney, not as
an attorney ad litem, but as a hired attorney for appel-
lant. The record indicates that appellant's attorney was
paid a fee as attorney for the defendant and not as at-
torney ad litem and this fact is further corroborated
by an exhibit introduced into the record. This exhibit
shows that on December 17, 1962, an air mail letter in
regard to the case of *Dunbar* v. *Dunbar,* addressed to
Ed B. Cook, Attorney, Blytheville, was written by A. B.
and A. Matthews, Solicitors, with offices in the British
Linen Bank Buildings, Newton Stewart, Scotland. In
this letter they acknowledge receipt of the letter from
Attorney Cook dated December 12, 1962, notifying them
that the decree of divorce had been rendered. In the
letter they refer to Attorney Cook as representing the
defendant's interest. The letter concludes with this para-
graph:

"We do not have sufficient information as yet to
make representations to the judge in this case and we
look to you to do so meanwhile bearing in mind what we
have already stated regarding the question of *fees.*"
(Emphasis supplied.)

It is true that the divorce decree recites that appellant's
answer was stricken. However, the court in its "opin-

ion'' [June 19, 1964] states that this was an error on the part of the scrivener. We think there are certain facts and circumstances which strongly indicate that the trial court never in fact struck the answer. In the first place, on the same day that the answer was filed the trial court acted upon a motion filed by appellant and allowed an attorney's fee. Nowhere in the record does it appear that appellant's attorney attempted to offer any pleading or evidence which was refused by the trial court.

In view of the above we are led to conclude that appellant was represented by an attorney of her own selection; that he was paid for his services; that he filed appropriate pleadings in her behalf; that the court accordingly had jurisdiction to render the decree it did on November 26, 1962; and that appellant's only remedy thereafter was to prosecute an appeal to this court within the time allowed by law which she failed to do.

Affirmed.